IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISMAEL PADILLA,          ) | |
|     ID # 356764,         ) | |
|         Petitioner,    ) | |
| )                          | |
| vs.                        ) | No. 3:21-CV-436-N-BH |
| )                          | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division,    ) | |
|         Respondent.  ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 19, 2021 (doc. 7). Based on the relevant filings and applicable law, the petition should be **DISMISSED** without prejudice.

## I.   BACKGROUND

Ismael Padilla (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition seeking habeas relief on February 26, 2021. (*See* doc. 2.) He filed an amended habeas petition under 28 U.S.C. § 2254 on April 19, 2021. (*See* doc. 7.)

Movant challenges a parole revocation proceeding and "kidnapping; unlawful detention, violation of civil rights." (*Id.* at 2.) He alleges that his parole was revoked on October 2, 2020, but he also identifies the date of the judgment of conviction he is challenging as November 18, 2020. (*See id.* at 2, 5.) He claims that he filed an appeal of the parole hearing to the Texas Parole Division, and that the appeal is "pending." (*Id.* at 3.) He did not indicate that he filed a petition

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

for discretionary review (PDR) with the Texas Court of Criminal Appeals or an application for habeas corpus relief in state court. (*See id* at 3-4.)

In his federal petition, Petitioner asserts four grounds:

(1) Discriminations; stalkings, kidnappings, traffickings [sic], unlawful detention by; illegal parole revocation charges, entraptments [sic], targettings [sic], retaliations, harrassments [sic], assaults, pressurings, ex-post-facto laws, discriminations, illegal parole hearing, reprosecution double jeopardy[.]

(2) Rights to be free of "deprivations" of life; liberty(ties), privileges and, property(ties)[,] breaking state laws.

(3) Free of; deprivations of physical, mental and, emotional distresses, harms, punishments without due process claus [sic] rights, discriminations, access to courts, slaverys [sic] [.]

(4) "Directors of Texas prison and; Texas parole division's "duties" based on statutes"; contract, voluntary assumption(s) of cares, duties of creations of the peril, control conducts of others; breachings [sic] of one's legal duties by failings to take actions, and; which gives rise to criminal liabilities. [ ]

(*Id.* at 6-7.)  He seeks release from detention, damages, and monetary damages of one hundred million dollars.  (*See id.* at 7.)

## II.   EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  To exhaust in accordance with § 2254, a petitioner must

fairly present all claims to the state courts prior to raising them in federal court. *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented his claim regarding his alleged October 2, 2020 parole revocation or November 18, 2020 judgment of conviction to the Texas Court of Criminal Appeals. He alleges that he appealed the parole decision to the Texas Parole Division and that the appeal is "pending." (doc. 7 at 3.) He does not indicate that he filed a PDR or an application for habeas corpus relief in state court. (*See id* at 3-4.) The Texas Court of Criminal Appeals has therefore not had the opportunity to review this claim raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). Petitioner is not entitled to habeas corpus relief on any habeas claim relating to his October 2, 2020 parole revocation or November 18, 2020 judgment of conviction based on his failure to exhaust his state remedies.

### III.    CIVIL CLAIMS

Petitioner also claims that "illegal entrapments; incarcerations by State of Texas prison system, parole division and, directors, caused physical damages and, mental as well as distress

3

harms. . . [,]" and that "Directors'; failures to control the illegal reprosecutions by entraptments [sic] of impositions of parole ex-post-facto laws, targeting [sic], assaults as stated above in ground one; two and, three discriminated and, denied the petitioner due process access to U.S. constitutional laws." (doc. 7 at 7.) These claims do not specifically challenge Petitioner's custody.

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil case against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a civil rights case. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

## IV.    RECOMMENDATION

The petitioner's *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 19, 2021 (doc. 7), should be **DISMISSED** without prejudice.

**SIGNED this 26th day of April, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE